## UNITED BROTHERHOOD OF CARPENTERS and JOINERS OF AMERICA v. ROGERS.

No. 21681. Opinion Filed April 11, 1933.

Rehearing Denied Sept. 26, 1933.

Stevens & Cline, for plaintiff in error.

C. T. O'Neal and Arch M. Parmenter, for defendant in error.

CULLISON, V. C. J. Lucinda Rogers, as plaintiff, instituted suit against the United Brotherhood of Carpenters and Joiners of America, as defendant, seeking to recover a funeral donation in the sum of $300. The record discloses that F. E. Rogers was a

carpenter by trade who joined the local union No. 1585 at Lawton in 1915. At the time of joining said local, Rogers was a single man. Under the by-laws of the brotherhood, provision was made to pay a certain funeral donation to the wife or blood relative of a member to aid in the proper burial of said member upon his death. The deceased designated his mother as the party to receive the funeral donation when he made application for member-ship, and after marriage he never made any arrangements for change in designation of the party to receive the funeral donation.

Rogers died in 1928, and the question of payment of the funeral donation arose, and upon consideration of the same the brother-hood paid the same to the widow of F. E. Rogers, deceased, to aid in paying the funeral expenses of the deceased member of the organization. The mother demanded payment of said funeral donation and upon failure to pay instituted the suit at bar. Upon the conclusion of the trial of said cause, the court sustained a motion of plaintiff for a directed verdict, and directed a verdict favorable to plaintiff for the amount of the suit, from which judgment defendant appeals, and contends that the judgment was contrary to law and contrary to the evidence.

In our consideration of the question raised, we first observe that there was no policy of insurance or beneficial certificate issued by the brotherhood to any person. It is not a question of insurance, and cases based on insurance policies or certificates of beneficial interest are not applicable to the case at bar. The provisions applicable in the case at bar are found in the by-laws of the brotherhood. It appears that the by-laws are amended at the various annual meetings and the by-laws of the organiza-tion in force at the time Rogers became a member of the brotherhood were not intro-duced and made part of the record, but from those portions that were introduced from the later by-laws it appears that the brotherhood provided that it would pay a certain funeral donation to either the wife or a blood relative of the deceased to aid in properly burying the deceased brother. Said payments are referred to at all times in the by-laws as funeral donations. There was no special assessment of premiums to take care of any such benefits, but the same were taken care of out of the regu-lar dues of the member. There was further provision that should the wife of a mem-ber die, the brotherhood would give the brother a funeral donation to aid in car-ing for the funeral of the wife. The by-laws also provided that should a member die without leaving legal heirs, the local union shall see that he is respectably in-terred, and that the United Brotherhood shall pay the funeral expenses, but in no case shall the same exceed the donation to which the member is entitled at his death, nor shall the brotherhood be liable for any further donation in the name of the de-ceased.

The record further discloses that when plaintiff requested payment from defendant, defendant immediately advised her that under the general laws of the organization a wife of a member is his legal benefi-ciary, and, since the deceased member left a wife, the funeral donation would neces-sarily be paid to her. The record further discloses that the wife buried her deceased husband and furnished the defendant with a statement of the costs of burial and last sickness, which statement amounted to slightly more than $300, and upon receipt of said proof defendant paid the funeral donation to the wife of deceased as his legal representative to aid in taking care of funeral expenses of the deceased brother. The record discloses that plaintiff herein did not pay any of the expenses of funeral or last sickness of the deceased.

When we carefully consider the entire plan of defendant, we find that it does not pertain to or have any connection with insurance. It is merely a plan devised by defendant brotherhood whereby defendant seeks to aid in providing a proper and ap-propriate burial of deceased members, the idea being that the legal representative of the deceased be provided with sufficient funds to give the deceased member an ap-propriate burial and pay the expenses of his last sickness, thereby maintaining an appropriate financial status for the mem-bers of said organization.

We consider that this is the purpose and intent of the by-laws of defendant brother-hood, and that defendant carried out the same by paying the funeral donation to the legal representative of deceased, to wit, his wife, to be used by her in caring for the expense of funeral and last sickness of said deceased brother; and that when de-fendant had paid the amount of said fun-eral donation to the proper person there was no further liability upon the part of

defendant to pay a further and additional funeral donation to another person.

We consider that defendant, acting as a board of trustees only, held the money as a trust fund for a specific purpose, to wit, to aid in giving each deceased member an appropriate burial and to aid in paying expenses connected with his last sickness. That is the specific purpose for which the money was provided and the donation of money given. "Donation" is defined by Webster as "Voluntary alienation of property; gratuitious transfer of property from one to another; gift."

A funeral donation would be a gift or voluntary alienation by the giver of the money donated for the specific purpose for which said money was provided. The money was provided to pay funeral expenses and expenses incident thereto. The defendant held the money in trust for that purpose, and where defendant paid the money to the wife to be used in payment of the expense of funeral and last sickness, defendant complied with its obligation to pay and terminated further obligation.

After a careful consideration, we hold that the judgment of the district court should be reversed, with directions to proceed in accordance with the views herein expressed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. WELCH J., absent.